IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JASON HEATH,<br><br>Plaintiff,<br><br>v.<br><br>JOLIET POLICE OFFICER JENNIFER GRUBER (Star #331), in her individual capacity; JOLIET POLICE OFFICER JACK DESIDERIO, (Star #113), in his individual capacity; and CITY OF JOLIET, a municipal corporation,<br><br>Defendants. | ) | No. 24-10976<br><br>**Jury Demand** |

**COMPLAINT**

NOW COMES Plaintiff, JASON HEATH ("Plaintiff" or "Jason"), by and through his attorneys, Barney Hammond Hourihane LLP and Law Office of Jordan Marsh LLC, and complaining of Defendants, JOLIET POLICE OFFICERS JENNIFER GRUBER (Star No. 12157) and JACK DESIDERIO (Star No. 113), in their individual capacities, and CITY OF JOLIET (referred to herein collectively as "Defendants"), and states as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) and the Constitution of the United States.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## PARTIES

4. **Plaintiff.** Jason Heath is a resident of Joliet, Illinois.

5. **Defendant Officer Jennifer Gruber.** Defendant Officer Jennifer Gruber ("Defendant Officer Gruber") is, and was at all times complained of herein, employed by the City of Joliet as a police officer for the Joliet Police Department. At all times material to this Complaint, Defendant Officer Gruber was acting within the scope of her employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Joliet and the Joliet Police Department.

6. **Defendant Officer Jack Desiderio.** Defendant Officer Desiderio is, and was at all times complained of herein, employed by the City of Joliet as a police officer for the Joliet Police Department. At all times material to this Complaint, Defendant Officer Desiderio was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Joliet and the Joliet Police Department.

7. **Defendant City of Joliet.** City of Joliet is a municipal corporation

with its principal place of business located in Joliet, Illinois.

## BACKGROUND

8. On October 29, 2023, shortly after 2:00 a.m., Jason was at his residence located in Joliet, Illinois, with his wife and children.

9. On that date and time, Jason and his wife were involved in a verbal argument, an infrequent occurrence, which caught the attention of their children.

10. In response to hearing the argument, one of Jason's children contacted the police.

11. Defendant Officer Gruber responded to the call and arrived at Jason's residence at approximately 2:15 a.m.

12. Upon arrival, Defendant Officer Gruber entered Jason's home and proceeded to the upstairs of the residence, where Jason and his wife were located.

13. Defendant Officer Gruber positioned herself in the upstairs hallway near the door to the room where Jason's wife was located.

14. At this time, Jason was standing in the upstairs hallway.

15. Shortly after Defendant Officer Gruber's arrival, Defendant Officer Desiderio also arrived at Jason's residence and immediately proceeded upstairs.

16. Almost immediately upon joining Defendant Officer Gruber upstairs, Defendant Officer Desiderio unholstered and deployed his taser, striking Jason.

17. As a result of being tased, Jason fell to the ground, sustaining injuries.

18. Prior to being tased, Jason was not attempting to flee and posed no threat to the safety of Defendant Officers or others

19. Jason did not obstruct or otherwise interfere with Defendant Officers' investigation.

20. Jason did not resist arrest.

21. At no time during the encounter described above did Jason pose a threat to Defendant Officers or any other person.

22. Jason did not push, shove, hit, strike, or otherwise make any intentional contact with either Defendant Gruber or Desiderio.

23. Subsequent to being tased, Defendants Gruber and Desiderio arrested Jason and caused him to be charged with aggravated battery to a police officer, under Illinois statute 720 ILCS 5/12-3.05(d)(4), and resisting arrest under 720 ILCS 5/31-1(a).

24. The aggravated battery charge was a Class 2 felony and carried a penalty of up to 3-7 years in prison.

25. The charges against Jason were predicated on false and fictitious statements made by Defendant Officers Gruber and Desiderio in police reports and to fellow Joliet Police Officers and county prosecutors.

26. The false and fictitious statements made by Defendant Officer Gruber include the following:

a. that Jason pushed and/or "chest bumped" Officer Gruber;

b. that Jason was hiding his arm from Officer Gruber and was attempting to conceal himself in a bedroom;

c. that Jason repeatedly disobeyed orders from Defendant Officer Desiderio.

27. The false and fictitious statements made by Defendant Officer Desiderio include the false statement that Jason refused multiple times to comply with Defendant Officer Desiderio's command to show his hands prior to being tased.

28. Defendant Officers Gruber and Desiderio knew their statements to be false and were aware that their statements would be relied upon by other police officers and prosecutors to arrest and initiate a prosecution against Jason.

29. The false and fictitious statements made by Defendant Officers Gruber and Desiderio resulted in Jason's arrest and caused him to be charged with the criminal offenses of aggravated battery to a police officer and resisting arrest.

30. Defendant Officer Gruber later repeated the same false and fictitious statements identified above in her testimony before the Grand Jury.

31. After his arrest, Jason was held in police custody for over 24 hours before appearing before a judge for a detention hearing, where he was ordered to be released pending trial.

32. The criminal charges against Jason, filed under the case of *People v. Jason Heath*, Case No. 2023 CF 1989 (Will County, Illinois), pended for nearly a year before Jason was acquitted after trial on September 30, 2024.

## COUNT I
## 42 U.S.C. § 1983 CLAIM: FALSE ARREST
## (Plaintiff Against Defendant Officers Gruber and Desiderio)

33. Jason re-alleges each of the preceding paragraphs as if fully restated herein.

34. Defendant Officers arrested Jason.

35. Defendant Officers' arrest of Jason was without probable cause.

36. Defendant Officers' arrest of Jason, conducted under color of law, Jason violated Jason's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

37. Defendant Officers' actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Jason's constitutional rights.

38. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Jason suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

## COUNT 2
## ILLINOIS STATE LAW CLAIM: FALSE IMPRISONMENT
## (Plaintiff Against All Defendants)

39. Jason re-alleges each of the preceding paragraphs as if fully restated herein.

40. The actions taken by Defendant Officers as described above restrained Jason's freedom of movement.

41. Defendant Officers' actions in restraining Jason's freedom of movement were done without reasonable grounds, reasonable suspicion, probable cause, or any other legal authority.

42. The actions of Defendant Officers were undertaken willfully, wantonly, and maliciously.

43. At all times, Defendant officers were acting as agents and employees of Defendant CITY OF JOLIET, in the scope of their employment with Defendant CITY OF JOLIET, and under color of law.

44. As described above, Defendant Officers' conduct was undertaken within the scope of their employment such that their employer, City of Joliet, is liable for their actions.

**COUNT 3**
**42 U.S.C. § 1983 CLAIM: MALICIOUS PROSECUTION**
**(Plaintiff Against Defendant Officers Gruber and Desiderio)**

45. Jason re-alleges each of the preceding paragraphs as if fully restated herein.

46. As described more fully above, Defendant Officers commenced, caused to be commenced, and/or continued a criminal proceeding against Jason for which Defendant Officers knew there was no probable cause.

47. The criminal prosecution against Jason, described above, was terminated in Jason's favor in a manner indicative of innocence.

48. Defendant Officers' actions were undertaken intentionally, with malice, and with reckless indifference to Jason's rights.

49. Defendant Officers accused Jason of criminal activity knowing those accusations to be without probable cause, and made false written and other statements with the intent of exerting influence to institute and continue judicial

proceedings.

50. The false and fictitious statements made by Defendant Officers caused Jason to be charged with and prosecuted for the criminal offenses of aggravated battery to a police officer and resisting arrest.

51. Criminal complaints, statements and reports of Defendant Officers regarding Jason's alleged criminal culpability were made with knowledge that the statements were false.

52. Defendant Officers' malicious prosecution of Jason, conducted under color of law, violated Jason's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

53. The actions of Defendant Officers were undertaken willfully, wantonly, maliciously, and with reckless indifference to Jason's rights.

54. The constitutional violation described herein was a direct and proximate result of Defendant Officers' actions, and Jason suffered injuries as a result, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

## COUNT 4
## ILLINOIS STATE LAW CLAIM: MALICIOUS PROSECUTION
## (Plaintiff Against All Defendants)

55. Jason re-alleges each of the preceding paragraphs as if fully restated herein.

56. As described more fully above, Defendant Officers commenced, caused

to be commenced, and/or continued a criminal proceeding against Jason for which Defendant Officers knew there was no probable cause.

57. The criminal prosecution against Jason, described above, was terminated in Jason's favor in a manner indicative of innocence.

58. Defendant Officers' actions were undertaken intentionally and with malice.

59. Defendant Officers accused Jason of criminal activity knowing those accusations to be without probable cause, and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

60. The false and fictitious statements made by Defendant Officers caused Jason to be charged with and prosecuted for the criminal offenses of aggravated battery to a police officer and resisting arrest.

61. Criminal complaints, statements and reports of Defendant Officers regarding Jason's alleged criminal culpability were made with knowledge that the statements were false.

62. The criminal prosecution against Jason, described above, was terminated in Jason's favor in a manner indicative of innocence. 55. Jason re-alleges paragraphs 1 through 20 as if fully restated herein.

63. Defendant Officers' actions were undertaken intentionally and with malice.

64. Defendant Officers accused Jason of criminal activity knowing those

accusations to be without probable cause, and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

65. Criminal complaints, statements and reports of Defendant Officers regarding Jason's alleged criminal culpability were made with knowledge that the statements were false.

66. As a result of Defendant Officers' malicious prosecution, Jason has suffered, as a direct and proximate cause, injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

67. At all times, Defendant Officers were acting as agents and employees of Defendant CITY OF JOLIET, in the scope of their employment with Defendant CITY OF JOLIET, and under color of law.

**COUNT 5**
**42 U.S.C. § 1983 CLAIM: EXCESSIVE FORCE**
**(Plaintiff Against Defendant Desiderio)**

68. Jason re-alleges each of the preceding paragraphs as if fully restated herein.

69. The tasing of Jason by Defendant Officer Desiderio constitutes the use of force.

70. The force used against Jason by Defendant Desiderio was objectively unreasonable under the circumstances, unjustified, and excessive.

71. The misconduct described in this Count was objectively unreasonable

and was undertaken intentionally with malice, willfulness, and reckless indifference to Jason's constitutional rights.

72. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

73. The constitutional violation described herein was a direct and proximate result of Defendant Gruber's actions, and Jason suffered injuries as a result of those actions, including loss of liberty, pain, suffering, and emotional distress.

## COUNT 6
## ILLINOIS STATE LAW CLAIM: BATTERY
## (Plaintiff Against Defendants Desiderio and City of Joliet)

74. Jason re-alleges each of the preceding paragraphs as if fully restated herein.

75. As described more fully in the preceding paragraphs, Defendant Desiderio knowingly and intentionally tased Jason without any lawful justification.

76. Defendant Desiderio's conduct was done knowingly, intentionally, and with malice.

77. As a direct and proximate cause of Defendant Desiderio's conduct, Jason sustained injuries, including pain, suffering, and emotional distress.

78. At all times, Defendant Desiderio was acting as agent and employee of Defendant CITY OF JOLIET, in the scope of his employment with Defendant CITY OF JOLIET, and under color of law.

## ***Respondeat Superior***

79. Jason re-alleges each of the preceding paragraphs as if fully restated herein.

80. In committing the acts alleged in the preceding paragraphs, Defendant Officers were acting as a members and agents of the City of Joliet, and acting at all relevant times within the scope of their employment as Joliet Police Officers.

81. Defendant City of Joliet is liable as principal for all torts committed by its agents.

## **Indemnification**

82. Jason re-alleges each of the preceding paragraphs as if fully restated herein.

83. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

84. Defendant Officers are employees of the City of Joliet and were acting within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, JASON HEATH, respectfully requests that this Honorable Court enter judgment in HIS favor and against Defendants, CITY OF JOLIET, DEFENDANT OFFICER GRUBER, and DEFENDANT OFFICER DESIDERIO, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT OFFICERS GRUBER AND DESIDERIO

in their individual capacities, as well as any other relief this Court deems just and appropriate.

**Jury Demand**

Plaintiff, JASON HEATH, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ *Ian M. Barney*
IAN M. BARNEY
Barney Hammond Hourihane LLP
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-854-0906
E: ian@barneyhammond.com

JORDAN MARSH
Law Office of Jordan Marsh LLC
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel: (224) 220-9000
E: jordan@jmarshlaw.com

*Counsel for Plaintiff*